**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDY GREEN,
3517 East Capital St. SE, Apt. 303
Washington, DC 20019
        Plaintiff,

     v.                           Civil Action No.: 1:19-cv-1962

HYATT CORPORATION GROUP DISABILITY
INCOME INSURANCE PLAN
c/o Hyatt Corporation
71 S. Wacker
Chicago, IL 60606
AND
METROPOLITAN LIFE INSURANCE COMPANY,
c/o CT Corporation System, Inc
1015 – 15th Street, NW
Suite 1000
Washington, DC 20005
        Defendants.

**COMPLAINT**

    The Plaintiff, JUDY GREEN, sues the Defendants, HYATT CORPORATION GROUP DIABILITY INCOME INSURANCE PLAN (hereinafter "HYATT DISABILITY PLAN") and METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE") and states:

    1.    This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

    2.    This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

    3.    At all times material hereto, Plaintiff was a resident of Washington, D.C..

    4.    Plaintiff was an employee of Hyatt Corporation.

    5.    At all times material hereto, Plaintiff is and/or was a participant in the Hyatt Corporation Group Disability Income Insurance Plan (HYATT DISABILITY PLAN) that

provided for Long Term disability benefits. According to the HYATT DISABILITY PLAN, Hyatt Corporation was the Plan Administrator.

6. According to the HYATT DISABILITY PLAN, the Plan Administrator "shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement o Plan benefits in accordance with the terms of the Plan".

7. At all times material hereto, Defendant METLIFE, a corporation licensed to do business in the District of Columbia, was charged with making the final benefits determinations at issue under the HYATT DISABILITY PLAN, including the determinations made on Plaintiff's claim.

8. The Plan was funded through a contract of insurance issued by METLIFE.

9. By letter dated October 4, 2016, METLIFE determined that Plaintiff did not meet the definition of disability as defined in the HYATT DISABILITY PLAN and denied paying benefits.

10. Plaintiff requested reconsideration of the October 4,2016 determination and METLIFE affirmed the decision to deny her Long Term disability benefits by decision dated February 28, 2018. This affirmation was final and binding and METLIFE informed Plaintiff that she had a right to bring a legal action under ERISA.

10. With respect to all claims made herein, Plaintiff has exhausted any and all administrative remedies provided under the Plan.

11. The HYATT DISABILITY PLAN provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

12. Plaintiff has met the definition of Disabled within the meaning of the HYATT DISABILITY PLAN and is entitled to disability as of her alleged onset date of disability and through the present.

13. Defendants, since Plaintiff's alleged onset date of disability have failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

14. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JUDY GREEN, asks this Court to enter judgment against defendants HYATT CORPORATION GROUP DIABILITY INCOME INSURANCE PLAN and METLIFE, finding that:

(a) Plaintiff met the definition of Disabled under the HYATT DISABILITY PLAN as of her alleged onset date of disability and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from her alleged onset date of disability and through the present;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding

Plaintiff's claim to METLIFE for further action to address continuing benefits after the final date of benefits awarded by this Court.

Date: July 1, 2019                         */s/Karl E. Osterhout*
                                                  KARL E. OSTERHOUT, ESQUIRE
                                                  Trial Attorney for Plaintiff
                                                  PA Bar ID# 49658
                                                  D.C. Bar ID # PA0015
                                                  521 Cedar Way, Suite 200
                                                  Oakmont, PA 15139
                                                  Ph.: 412-794-8003
                                                  Fax: 412-794-8050
                                                  Karl@mydisabilityattorney.com